UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFONZO NEWELL,

       Petitioner,

                                      CASE NO. 2:11-10030
v.                                      HONORABLE VICTORIA A. ROBERTS

MICHAEL CURLEY,

       Respondent.

_____/

### ORDER DENYING PETITIONER'S REQUEST FOR A HEARING, "MOTION FOR MISTAKES," AND "PLEADING FOR MISTAKE"

On January 4, 2011, petitioner Alfonzo Newell filed a *pro se* habeas corpus petition, challenging his Wayne County conviction and sentence for criminal sexual conduct in the first degree. On August 25, 2011, the Court denied the petition on the merits. Petitioner appealed the Court's decision, but on January 6, 2012, the United States Court of Appeals for the Sixth Circuit dismissed the appeal because the notice of appeal was untimely. Petitioner subsequently asked this Court to extend the time to file a notice of appeal or to reopen the time to file an appeal. The Court denied the motion after concluding that the Court could not extend the time for filing an appeal and that Petitioner had not satisfied the conditions for reopening the time for filing an appeal. Currently before the Court are Petitioner's request for a hearing, his "Motion for Mistakes, Inadvertence, Excusable Neglect, [and] Newly Discovered Evidence," and his "Pleading for Mistake, Inadvertence, Excusable Neglect, [and] New Discovered Evidence."

The request for a hearing appears to seek money damages and an opportunity to

present additional facts regarding mail room procedures at Baraga Correctional Facility in Baraga, Michigan where Petitioner is incarcerated. The request also includes a claim that prison officials at the Baraga prison are falsifying major misconduct incidents about Petitioner to justify his custody level. In light of these allegations, the Court construes the request for a hearing to be a challenge to Petitioner's living conditions.

The proper vehicle for challenging the conditions of prison life is a civil rights complaint under 42 U.S.C. § 1983, not a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Consequently, the Court denies Petitioner's request for a hearing (dkt. #33).

Petitioner's "Motion for Mistake" and "Pleading for Mistake" appear to allege that the Michigan Court of Appeals erred in dismissing Petitioner's appeal from this Court's dispositive opinion and judgment. Petitioner appears to be saying that his notice of appeal was timely under the prison "mailbox rule," which states that a notice of appeal is deemed filed when a habeas petitioner delivers the notice to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner alleges that he handed his notice of appeal to prison officials on September 26, 2011.

The Michigan Court of Appeals determined that the notice was placed in the prison mail on September 28, 2011, and was late. *See Newell v. Curley*, No. 11-2248 (6th Cir. Jan. 6, 2012) (unpublished order stating that "the notice of appeal in this case was required to be filed by September 26, 2011; thus the notice of appeal placed in the prison mail on September 28, 2011, is late"). Even if Petitioner submitted his notice of appeal to prison officials on September 26, 2011, a federal court of appeals determines its own jurisdiction. *Carson v. United States Office of Special Counsel,* 633 F.3d 487,

491 (6th Cir.) (quoting *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994)), *cert. denied*, __ U.S. __, 132 S. Ct. 857 (2011). And whether Petitioner's notice of appeal was timely is a question of law over which the Court of Appeals exercises plenary review. *Lizardo v. United States*, 619 F.3d 273, 276 (3d Cir. 2010) (quoting *DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 213 (3d Cir. 2007)).

"[T]his is not the right court to decide that an appeal is untimely and that a rule such as the 'mailbox' rule applies to make Petitioner's notice of appeal timely." *Laborin v. Clark*, No. 2:08-cv-1998, 2011 WL 6102114, at *2 (E.D. Cal. Dec. 8, 2011) (unpublished). The Court of Appeals, rather than the district court, has that responsibility. *Id.*; *see also Hobson v. Campbell*, No. C 07-5832 SI, 2009 WL 3711926, at *2 (N.D. Cal. Nov. 5, 2009) (unpublished) ("Notwithstanding the fact that it is too late to obtain any relief from the deadline to file a notice of appeal, this is not the right court to decide that the appeal is untimely. It is the responsibility of the court of appeals rather than the district court to determine the existence or scope of appellate jurisdiction over an appeal and to dispose of deficient appeals.") The Court therefore **DENIES** Petitioner's "Motion for Mistakes, Inadvertence, Excusable Neglect, [and] Newly Discovered Evidence" (dkt. #35) and his "Pleading for Mistake, Inadvertence, Excusable Neglect, [and] New Discovered Evidence" (dkt. #36).

    **IT IS ORDERED**.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: July 11, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record and Alfonzo Newell by electronic means or U.S. Mail on July 11, 2013.
>
> S/Linda Vertriest
> Deputy Clerk